**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BLITZ TELECOM CONSULTING, LLC,

    Plaintiff/Counter-Defendant,

v.                                                     Case No: 6:14-cv-307-Orl-40GJK

PEERLESS NETWORK, INC.,

    Defendant/Counter-Plaintiff.

**ORDER ON DEFENDANT'S MOTION TO VACATE SECOND AMENDED JUDGMENT
AND ORDER TO SHOW CAUSE**

This cause comes before the Court on Defendant's Motion to Void Second Amended Judgment (Doc. 293), filed October 17, 2016. The Court does not require the benefit of Plaintiff's response to duly resolve the motion. Upon consideration, Defendant's motion will be denied. Additionally, Defendant and its counsel will be ordered to show cause why sanctions should not be imposed against them pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or this Court's inherent authority for forwarding a factually meritless argument in bad faith and for vexatiously multiplying these proceedings.

**I.   BACKGROUND**

This lawsuit arose out of a contract dispute between Plaintiff and Defendant over Defendant's nonpayment of commissions owed to Plaintiff for telecommunications traffic Plaintiff placed on Defendant's networks. The matter proceeded to a jury trial, following which the jury returned a verdict in favor of Plaintiff. After post-trial motions to assess pre-judgment interest and taxable costs, the Court entered a Second Amended Judgment

1

in favor of Plaintiff in the amount of $2,658,279.86, which remains the operative judgment in this case. Defendant now moves to vacate the Second Amended Judgment as a void judgment under Federal Rule of Civil Procedure 60(b)(4).

## II.    DISCUSSION

### A.    Defendant's Motion to Vacate Second Amended Judgment

Defendant moves to vacate the Second Amended Judgment on the ground that this Court has never had subject matter jurisdiction over this case, as the allegations in Plaintiff's Complaint are insufficient to allege diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Defendant asserts that Plaintiff failed to adequately allege the citizenship of Plaintiff's members, James Finneran, Neil Rosenblit, and Robert Russell. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curaim) (explaining that, for diversity purposes, a limited liability company like Plaintiff is a citizen of each state in which any of its members are citizens).

While Defendant is correct on the legal proposition that the jurisdictional allegations in Plaintiff's Complaint are technically deficient, Defendant's position that the Court has never had subject matter jurisdiction over this dispute and that the Second Amended Judgment must be vacated as a result is incorrect. This lawsuit is the first of two between Plaintiff and Defendant, both of which are assigned to the undersigned district judge.[1]  In the second lawsuit, Plaintiff's complaint suffered from the same jurisdictional deficiency Defendant now raises here—Plaintiff failed to adequately allege the citizenship of Mr. Finneran, Mr. Rosenblit, and Mr. Russell. However, instead of

---

[1]    Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the second lawsuit, *Blitz Telecom Consulting, LLC, et al. v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS (M.D. Fla.), and all documents filed therein.

2

moving to dismiss that case for lack of subject matter jurisdiction, Defendant, who is represented by the same counsel in both cases, agreed to allow Plaintiff to amend its complaint through interlineations in order to remedy the jurisdictional allegations.[2]  In support of Plaintiff's agreed motion to amend, Plaintiff supplied the sworn declarations of Mr. Finneran, Mr. Rosenblit, and Mr. Russell, all of whom affirmed that they had never been citizens of Illinois—Defendant's state of citizenship for diversity purposes—at any time in their lives.[3]  Defendant therefore conceded that diversity existed between it and Plaintiff.  Based on the undisputed facts contained in these sworn declarations, the Court likewise finds that diversity has always existed between Plaintiff and Defendant in this case, as Defendant is an Illinois corporation with its principal place of business in Illinois and none of Blitz's members have ever been Illinois citizens.  The Court therefore had subject matter jurisdiction at all times during the litigation.  Plaintiff's motion to vacate the Second Amended Judgment must be denied as a result.

>    **B.**    **Sanctions Against Defendant and Defendant's Counsel**

The position forwarded by Defendant and its counsel in the motion to vacate that there was never a basis for the Court to exercise subject matter jurisdiction over this dispute appears to have been taken without any factual merit.  In the parties' other case before the undersigned district judge, Defendant and its counsel agreed that Mr. Finneran, Mr. Rosenblit, and Mr. Russell have **never** been citizens of Illinois and that, as a consequence, diversity existed between Plaintiff and Defendant.  In fact, the sworn declarations filed in the parties' other case specifically reference this case, explaining that

---

[2]   *See Blitz Telecom Consulting, LLC, et al. v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS (M.D. Fla.), Docs. 244, 247.

[3]   *See id.* Doc. 244, Exs. A, B, C.

3

they were citizens of Florida and Maryland at the time **this case** was filed.[4] Despite their knowledge that diversity has always existed between the parties in this case, Defendant and its counsel maintained a contradictory position in the motion to vacate. Because Defendant is represented by the same counsel in both cases, all of whom were therefore aware of the factual basis establishing diversity in this case, it appears that Defendant took its factually meritless and contradictory position in bad faith. The Court's conclusion on this point is further supported by the circumstances surrounding Defendant's filing of the motion to vacate. Specifically, the timing of Defendant's motion to vacate coincided with Plaintiff's attempt to enforce the Second Amended Judgment through a writ of garnishment. Indeed, in its response to Plaintiff's motion for writ of garnishment, Defendant urged the Court to deny issuance of the writ in part due to its pending motion to vacate the Second Amended Judgment, again taking the baseless position that the judgment was entered without subject matter jurisdiction.[5] As a result, it appears to the Court that Defendant and its counsel filed the motion to vacate for the sole purpose of delaying Plaintiff's lawful execution of the Second Amended Judgment.

Accordingly, the Court will order Defendant and its counsel, Kelley Drye & Warren, LLP, Pearson Bitman, LLP, Henry T. Kelly, Matthew Charles Luzadder, Michael R. Dover, Ronnie J. Bitman, and Karl E. Pearson, to show cause why sanctions should not be imposed against them pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or this Court's inherent authority.

---

[4] *See id.*
[5] (Doc. 295, p. 2).

Rule 11 permits the Court to impose an appropriate sanction against any attorney, law firm, or party who presents an argument that is factually meritless or who presents an argument for the improper purpose of harassing, causing unnecessary delay to, or needlessly increasing the cost of litigation for an opponent.  *See* Fed. R. Civ. P. 11(b), (c).  The Court intends to rely on its above discussion as the basis for imposing sanctions against Defendant and its counsel under Rules 11(b)(1) and 11(b)(4).  Title 28 U.S.C. § 1927 permits the Court to require any attorney who unreasonably and vexatiously multiplies the proceedings to personally satisfy all attorney's fees, costs, and expenses reasonably incurred because of such conduct.  The Court intends to rely on its above discussion as the basis for imposing sanctions against Defendant's counsel under 28 U.S.C. § 1927.  Finally, the Court has inherent authority to sanction any attorney or party who acts in bad faith.  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1251 (11th Cir. 2006).  The Court intends to rely on its above discussion as the basis for imposing sanctions against Defendant and its counsel under the Court's inherent authority.

Defendant and its counsel will therefore be given an opportunity to explain why sanctions, including an award of attorney's fees and costs to Plaintiff and the imposition of monetary fines, should not be imposed against them for the reasons stated in this Order.  The Court additionally notes that some of Defendant's attorneys have been permitted to appear pro hac vice.  The ability to appear pro hac vice is a privilege, not a right, and may be revoked by the Court upon a finding of misconduct.  Those attorneys appearing pro hac vice shall therefore additionally explain why the Court should not revoke the privilege given to them to practice in this Court.  Local counsel for Defendant

shall also explain their oversight of the attorneys appearing pro hac vice in relation to Defendant's motion to vacate. The failure of any person or party to respond will result in the imposition of sanctions without further notice.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Void Second Amended Judgment (Doc. 293) is **DENIED**. The Court finds that it had subject matter jurisdiction over this dispute at the time it was filed through the entry of the Second Amended Judgment.

2. Defendant, Peerless Network, Inc., and Defendant's counsel, Kelley Drye & Warren, LLP, Pearson Bitman, LLP, Henry T. Kelly, Matthew Charles Luzadder, Michael R. Dover, Ronnie J. Bitman, and Karl E. Pearson, are **ORDERED TO SHOW CAUSE** by filing written responses on or before **October 28, 2016** explaining why sanctions, including an award of reasonable attorney's fees and costs to Plaintiff, the revocation of any attorney's pro hac vice status, and/or the imposition of monetary fines, should not be imposed against them pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or this Court's inherent authority for the reasons stated in this Order. No response shall exceed twenty (20) pages in length. If necessary, the Court will conduct an evidentiary hearing on the issue of sanctions at a later date.

3. On or before **October 28, 2016**, Plaintiff shall file a properly supported memorandum explaining all reasonable attorney's fees, costs, and

expenses incurred due to Defendant's Motion to Void Second Amended Judgment. Counsel for Plaintiff is relieved of its duty under Local Rule 3.01(g) to confer with counsel for Defendant before filing this memorandum.

**DONE AND ORDERED** in Orlando, Florida on October 20, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record